FILED
CLERK, U.S. DISTRICT COURT

APR 19 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # 11593-051 | CASE NUMBER: |
|---|---|
| KEITH JUDD, | CV 13-2180 UA |
| PLAINTIFF(S) | |
| v. | |
| BARACK OBAMA, et al., | ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE |
| DEFENDANT(S). | |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____     _____
Date                        United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency.
- ☑ Failure to authorize disbursements from prison trust account to pay filing fee.
- ☑ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☑ District Court lacks jurisdiction.
- ☑ Other Barred by PLRA "Three Strikes" provision.

- ☑ Frivolous, malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).
- ☑ Leave to amend would be futile.
- ☐ Seeks monetary relief from a defendant immune from such relief.
- ☑ This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); see O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Comments:
See attached.

April 10, 2013                           _Carla M. Woehrle_
_____                  _____
Date                                     United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

☐ **GRANTED**   ☑ **DENIED**   ☐ **DENIED with leave to amend within 30 days**

Plaintiff may re-submit the IFP application and Complaint to this Court, if submitted with the Certified Trust Account Statement and Disbursement Authorization. Plaintiff shall utilize the same case number.

If plaintiff does not timely submit an appropriate response to this Order, the Clerk is directed to close the case.

4/17/13                                  _____
_____                  Chief United States District Judge
Date

CV-073C (04/12)     ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE     Page 1 of 1

<u>Keith Judd v. Barack Obama et. al.</u>, CV13-2180-UA-DUTY

Plaintiff Keith Judd is a prisoner (inmate no. 11593-051) in the Federal Correctional Institution located in Texarkana, Texas. He has filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. In the Complaint, Plaintiff asks the Court "to declare Barack Obama was born a British citizen of Kenya, East Africa" and "to declare Keith Judd is a natural born citizen of the United States." (Complaint at 1). For the reasons discussed below, the Court denies Plaintiff's Application to Proceed *In Forma Pauperis*:

First, the Prison Litigation Reform Act contains a three strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also <u>Higgins v. Carpenter</u>, 258 F.3d 797, 800 (8th Cir. 2002)(holding that Section 1915(g) is constitutional).

In this case, Plaintiff is a "three striker," and, therefore, he is not entitled to proceed *in forma pauperis*. The Court takes judicial notice that Plaintiff has a well-documented history of being ineligible to proceed *in forma pauperis* because he has been declared a vexatious litigant and barred from filing *pro se* matters by the United States Supreme Court as well as numerous other federal courts.[1] See e.g., *Judd v. U.S. Dist. Court for the Western Dist. of Texas*, 528 U.S. 5 (1999) (barring Plaintiff from filing any non-criminal, pro se matters); *Judd v. Fox*, no. 07-41035, unpub. op. (Fifth Cir. Aug. 19, 2008) (dismissing Plaintiff's appeal as frivolous; finding "Judd has a history of vexatious and frivolous litigation in this court and many other courts" despite being repeatedly warned and sanctioned; ordering Judd to pay $500 in sanctions and barring him "from filing in this court or in any court subject to this court's jurisdiction, any challenge to his conviction or sentence until all sanctions in all his actions are paid in full, unless he first obtains leave of the court in which he seeks to file such challenge[;]" and warning Judd "additional and progressively more severe sanctions" will follow for any violations of the Fifth Circuit's Order); *Judd v. Sec. of State of West Virginia*, no. 1:11cv93, report and recommendation, (N. D. W.Va. June 20, 2011) (recommending Judd's in forma pauperis ("IFP") request be denied because, "[s]ince 1993, Judd has filed as many as 875 actions in the United States federal courts[,]" which include "at least three non-habeas civil actions or appeals [that were] previously dismissed as frivolous or for failing to state a claim); *Judd v. Arkansas Sec. of State*, no. 4:11CV00447 BRW, order of dismissal, (E. D. Ark. Jul. 22, 2011 (similar findings re Judd's status as a § 1915 three-striker and vexatious litigant); *Judd v. Oklahoma State Election Board, et al.*, no. 11-CIV-183-RAW, order, (E. D. Ok. June 13, 2011) (finding Judd "has an extensive history of frivolous filings in the federal court system," which includes filing fifty

---

[1] The Court further notes that nothing in the Complaint suggests that Plaintiff falls under the "imminent danger" exception to the three strikes rule. Under that exception, a "three striker" may still be allowed to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the Complaint, Plaintiff alleges that President Obama is not a United States Citizen and that Plaintiff is a United States Citizen. Clearly, these allegations do not place Plaintiff in imminent danger of serious physical injury.

lawsuits throughout the United States during the 43 day period between May 1, 2011, and June 13, 2011).

Second, to the extent that Petitioner is asserting that President Obama is ineligible for the presidency because he is not a United States citizen, Petitioner does not have standing to bring the suit, and therefore, this Court lacks subject matter jurisdiction. Although it appears Plaintiff was a presidential candidate during the general election in 2012, he was not a presidential candidate at the time he filed the Complaint. As such, he lacks standing to challenge President Obama's eligibility for the presidency. See Drake v. Obama, 664 F.3d 774, 783-84 (2011) (holding that 2008 political candidates did not have standing to challenge President's eligibility for the presidency because they filed their complaint after the President was sworn in and thus were no longer candidates at that time).

For the foregoing reasons, the Court denies Plaintiff's Application to Proceed *In Forma Pauperis*.